**UNITED STATES of America**

v.

**Michael TRACY.**

**Crim. No. 5:91CR00006 (TFGD).**

United States District Court, D. Connecticut.

March 5, 1991.

[redacted] 

[redacted]

James I. Glasser, Asst. U.S. Atty., for the Government.

Stanley P. Atwood, Westport, Conn., for defendant.

RULING ON MOTION TO SUPPRESS PHYSICAL EVIDENCE

DALY, District Judge.

BACKGROUND

On January 4, 1991, a federal grand jury sitting in New Haven, Connecticut returned a twelve-count indictment against nine individuals.[1] Michael Tracy ("defendant") was charged in count one of that indictment with conspiracy to possess with intent to distribute cocaine and to distribute cocaine. 21 U.S.C. §§ 846 and 841(a)(1). Several attempts were made without success to execute the subsequently issued warrant for defendant's arrest. Efforts to locate defendant led to the application for and execution of a federal search and seizure warrant at 36 Wolfpit Road, Norwalk, Connecticut, defendant's believed residence.

The search warrant itself specified that there was probable cause to believe that the following items were located on the subject premises:

> ammunition, firearms, drug records, controlled substances, drug paraphernalia, U.S. Currency, jewelry and other valuables that are the proceeds of drug activities, safe deposit keys and photographs depicting co-conspirators.

The affidavit in support of and application for the search and seizure warrant specified that there was probable cause to believe that located within the identified premises were:

> ammunition, firearms, drug records, controlled substances, drug paraphernal[ia], U.S. currency, jewelry and other valuables the proceeds of drug activity, safe deposit keys and photographs depicting co-conspirators, evidence of a criminal offense, contraband and the fruits of crime[.]

The execution of this search and seizure warrant on January 11, 1991 yielded the following items:

> one gas mask and box, and gas mask canister, .38 calibre ammunition, .44 calibre ammunition, handcuffs, a garage door opener, a camera, film, a pocket pager, literature concerning point blank body armor, a 44 Magnum Charter Arms, a note pad, various receipts, including

1. The prosecution relating to the January 4, 1991 indictment is captioned *United States v. Aguilar,* Crim. No. B–90–57 (WWE).

receipts from the West Ave. Dry Cleaners, a black gym bag, a long handle axe, a small handle axe, one chain, one long knife in a sheath, two rolls of tape, and one sanitary glove.

Also recovered in this search and seizure, among other items, was a copy of a federal criminal complaint and supporting affidavit issued in connection with the pending prosecution in *United States v. Aguilar*, Crim. No. B–90–57 (WWE).[2] These documents had been annotated in handwriting, and described threats against various informants, cooperating witnesses, and Special Agent Terrence Sprankle of the Drug Enforcement Administration and his family.

Defendant was finally arrested on February 1, 1991. He was later indicted on separate charges of threatening a federal law enforcement officer and the family of such an officer in retaliation for the performance of his official duties. 18 U.S.C. § 115.[3] Defendant is currently detained pending trial on the January 4, 1991 indictment.

Defendant has now moved in the above-captioned case to suppress "any and all items of tangible personal property which were seized from the premises known as 36 Wolfpit Road Norwalk, Connecticut, by government agents on January 11, 1991 for the following reasons:"

"1. The property seized is not that described in the warrant."

For the reasons described below, this motion is DENIED.

## DISCUSSION

The government urges three alternative grounds for denying defendant's motion: (1) that the materials seized were all within the ambit of the items particularized by the warrant; (2) that the items seized were all within plain view, and (3) that, in any event, the defendant has failed to make a suffi-

cient showing to obtain the relief here sought. Although the Court need find only one of the government's arguments meritorious and persuasive in order to deny the relief sought by the defendant, in view of the nature of this motion and the underlying facts, as best the Court can discern, the Court feels compelled to address all three contentions.

### (1) The Particularity of the Warrant

■ The Fourth Amendment to the United States Constitution provides, *inter alia*, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The particularity requirement of the Fourth Amendment was intended to restrict the scope of searches conducted pursuant to lawful search authority. *Stanford v. Texas*, 379 U.S. 476, 481–86, 85 S.Ct. 506, 509–512, 13 L.Ed.2d 431 (1965). Indeed, the particularity requirement of the Fourth Amendment stands as a bulwark against the evils of general warrants, repugnant to both the English and the colonists. *United States v. Riley*, 906 F.2d 841, 847 (2d Cir.1990) (Weinstein, J., dissenting); *see also Coolidge v. New Hampshire*, 403 U.S. 443, 476, 91 S.Ct. 2022, 2043, 29 L.Ed.2d 564 (1971) ("the specific evil is the 'general warrant' abhorred by the colonists, and the problem is not that of the intrusion *per se*, but of a general, exploratory rummaging of a person's belongings.").

As the government's memorandum points out, "less exacting particularity [in a warrant] is tolerated 'where law enforcement agents have done the best that could reasonably be expected under the circumstances, have acquired all the descriptive facts which a reasonable investigation could be expected to cover, and have insured that all those facts were included in the warrant.'" Govt's mem. at 6 (citation omitted). The Second Circuit addressed this issue recently in the *Riley* case. 906

---

**2.** It is the government's position that Michael Tracy was a principal "enforcer" for the alleged Aguilar drug distribution organization.

**3.** This indictment is the subject of the prosecution here addressed.

F.2d at 841. The warrant there in issue described that the items to be seized included "evidence of the offense of conspiracy to distribute controlled substances, namely ... records of ... the investment of proceeds of drug trafficking in tangible and intangible objects and things...." *Id.* at 844 n. 1. In holding that such language was sufficiently particularized to permit law enforcement officers' seizure of rental agreement records relating to a particular locker where stored cocaine was ultimately discovered, the *Riley* majority noted that "once a category of seizable papers has been adequately described, with the description delineated in part by an illustrative list of seizable items, the Fourth Amendment is not violated because the officers executing the warrant must exercise some minimal judgment as to whether a particular document falls within the described category." *Id.* at 845. The *Riley* majority noted that "allowing some latitude in this regard simply recognizes the reality that few people keep documents of their criminal transactions in a folder marked 'drug records.'" *Id.*

It is with these standards in mind that the Court turns to defendant's motion. Although the defendant has not identified specifically which of the seized materials he believes to be beyond the items particularized in the warrant, the Court presumes, given the nature of the indictment, and the materials actually taken, that defendant's motion is addressed to the annotated copy of the criminal complaint and supporting materials. These materials were, of course, nowhere identified in the search warrant or application by name. The warrant, however, does describe that it extends to "drug records". Furthermore, the application recites that the warrant is sought for "evidence of a criminal offense", including "drug records." Applying the standards set forth by the majority in *Riley*, the annotated criminal complaint and supporting materials, which address a prosecution concerning a drug conspiracy and activities of the members of this conspiracy, fall within the category described in the warrant and application as "drug records".

In any event, whether or not these materials are actually drug records, the Court finds that, under *Riley*, the officers who executed this search and seizure warrant acted within the bounds of their discretion in seizing these materials as drug records. The Court cannot find that a reasonable officer searching for drug records should leave behind a document which relates to a drug operation and contains handwritten comments. Accordingly, the Court finds that the search warrant and application were sufficiently particularized, and that these materials fell within their ambit.

The Court notes, however, that it shares many of the concerns raised by Judge Weinstein's dissent in *Riley*. The Court finds particularly compelling Judge Weinstein's reiteration of Justice Marshall's warning:

> Precisely because the need for action against the drug scourge is manifest, the need for vigilance against unconstitutional excess is great. History teaches that grave threats to liberty often come in times of urgency, when constitutional rights seem too extravagant to endure.

*Id.* at 850 (quoting *Skinner v. Railway Labor Executives' Association*, 489 U.S. 602, 109 S.Ct. 1402, 1422, 103 L.Ed.2d 639 (1989) (Marshall, J., dissenting)). The Court need not reach whether a simple reference to "drug records" sanctions an extensive rummaging through a suspect's personal effects. Courts must indeed be vigilant against the creation of "the drug exception to the Fourth Amendment." *Riley*, 906 F.2d at 850 (citation omitted). Such a search, however, is not evidenced here. Rather, the annotated materials seized in this case were, on their face, addressed sufficiently by the warrant in issue.

*(2) Plain View*

■ The government also urges that, irrespective of whether the warrant was sufficiently particularized so as to permit the seizure of the criminal complaint and supporting materials, these documents were in plain view of officers who were lawfully in the premises at 36 Wolfpit Road. The "plain view" doctrine provides that incrimi-

nating evidence discovered during the course of an initially lawful intrusion may be seized by law enforcement officials. *Horton v. California,* ⸺ U.S. ⸺, 110 S.Ct. 2301, 2307, 110 L.Ed.2d 112 (1990).

Whether or not the warrant was particularized sufficiently to make a search solely for the annotated criminal complaint and supporting materials lawful, the warrant also recited that the search was addressed specifically to other items set forth in detail, such as ammunition, firearms, and controlled substances. Defendant has not challenged the issuing officer's probable cause determinations as to these items, nor challenged any other aspect of the warrant's issuance or execution. Accordingly, the Court concludes that the officers were in the premises lawfully. Defendant has made no suggestion that the annotated criminal complaint and supporting materials were somehow concealed within the residence in response to the government's assertion that the items were in plain view. In the absence of any contention to the contrary, the Court finds and holds that the annotated criminal complaint and supporting materials were in plain view of officers lawfully in the premises, and, therefore, properly seized. *See Horton,* 110 S.Ct. at 2307.

### (3) Failure to Make an Adequate Showing

█ The government also urges that, in any event, the defendant has failed to make a showing sufficient to entitle him to the relief he seeks. Suppression of evidence is not appropriate merely upon a defendant's conclusory, non-particularized allegations of unlawful official behavior. *United States v. Culotta,* 413 F.2d 1343, 1345 (2d Cir.1969), *cert. denied.,* 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510 (1970) (motion to suppress denied without evidentiary hearing where defendant's moving papers lacked sufficient particularity); *United States v. Castellano,* 610 F.Supp. 1359, 1439 (S.D.N.Y.1985) (motion to suppress denied without hearing where defendant's "general and conclusory" allegations were that police officers "lacked probable cause to arrest him and hence had no legitimate basis for searching [his] vehicle."); *see also United States v. D'Aquila,* 719 F.Supp. 98, 115 (D.Conn.1989). In substance, a defendant must set forth sufficient facts which, if proven, would require the granting of the relief requested. *Culotta,* 413 F.2d at 1345.

Here, defendant alleges only that the materials seized were not described in the search warrant. As an initial matter, the Court notes that most of the items seized were, in fact, described on the face of the warrant. Again, given the nature of the charge against the defendant in this case, the Court presumes that defendant is referring to the annotated criminal complaint and supporting documents. The defendant has failed utterly to describe where these papers were located or where the officers seized the documents, however. Furthermore, defendant has failed to provide the Court with any argument as to why he believes such materials are not set forth on the face of the warrant. Indeed, defendant has not even provided a description of his view of the nature of the materials. Accordingly, the Court finds that defendant has failed to make a sufficient showing as to why any evidence seized in the execution of the warrant in issue should be suppressed.

### CONCLUSION

For all of the reasons described above, each providing an alternative basis for the Court's decision, defendant's motion to suppress tangible evidence is DENIED.

SO ORDERED.